JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ERICA ARROYO, <br><br> Plaintiff, <br><br> v. <br><br> YARD HOUSE IRVINE SPECTRUM, LLC; and DOES 1–100, <br><br> Defendants. | Case No.: SACV 23-01915-CJC (ADSx) <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING REQUEST FOR SANCTIONS [Dkt. 13] |

## I.   INTRODUCTION

On July 29, 2023, Plaintiff Erica Arroyo, a California citizen, filed this action against Defendant Yard House Irvine Spectrum in the Superior Court of California, County of Orange, asserting claims for premises liability and negligence arising out of a slip-and-fall incident at Defendant's business. (*See* Dkt. 1-1 [Compl.] at 1–5.)  Defendant

timely removed on October 11, 2023 based on diversity jurisdiction. (*See* Dkt. 1 [Notice of Removal].) Now before the Court is Plaintiff's motion to remand for lack of subject matter jurisdiction and request for sanctions. (Dkt. 13.) "Defendant does not oppose Plaintiff's Motion for Remand … [and] proposed that parties enter into a stipulation for remand, due to Defendant's good-faith mistake." (Dkt. 16 [Opp'n to Mot. to Remand, hereinafter "Opp."] at 1.) Defendant's counsel explains that it removed on the belief that Defendant Yard House Irvine Spectrum, LLC had completed a merger with Delaware corporation Yard House USA, Inc. and that Defendant was therefore not a resident of California. (*See id.* at 2.) After realizing that Defendant "was in queue for merger but such was not completed[,] … [Defendant's counsel] immediately called Plaintiff's counsel and … sent Plaintiff's counsel a proposed stipulation to remand …." (*See id.* at 2–3.) For the following reasons, the Court **GRANTS** the motion to remand and **DENIES** the request for sanctions.[1]

## II.   ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). A federal district court has jurisdiction over a civil action removed from state court only if the action could have been brought in the federal court originally. *See* 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over suits when over $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332(a). The parties agree that this Court lacks subject matter jurisdiction since Plaintiff and Defendant are both domiciled in the state of California. (*See* Opp. at 1.) Accordingly, the only remaining issue to decide is whether

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 5, 2024, is hereby vacated and removed from the calendar.

to impose sanctions.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award [costs and expenses] under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, [an award] should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit . . ..." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). A court may conclude that removal was objectively unreasonable when "the relevant case law clearly foreclosed the defendant's basis of removal." *Id.* at 1066. Whether to award costs and expenses is within a district court's discretion. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

Although the Court cautions Defendant's counsel that they should take better care to avoid unnecessary errors in the future, the Court exercises its discretion to decline awarding costs and expenses here. Defendant several months ago conceded this Court lacked diversity jurisdiction and offered to stipulate to remand. Defendant has asserted a reasonable basis for its removal on a mistaken belief about its present citizenship. *See Martin*, 546 U.S. at 141. And had the contemplated merger been completed, Defendant's removal would not have been improper. The Court declines to sanction what appears to be an honest mistake followed by a prompt attempt to correct course.

///
///
///
///
///

### III. CONCLUSION

For the foregoing reasons, Arroyo's motion to remand is **GRANTED**, and the request for sanctions is **DENIED**. This action is **REMANDED** to the Superior Court of California, County of Orange.

DATED: January 19, 2024

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE